IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

| | | |
|---|---|---|
| BOBBY WHEELER JR. | § | |
| v. | § | CIVIL ACTION NO. 2:05cv128 |
| | | (Crim. No. 2:03cr2) |
| UNITED STATES OF AMERICA | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Movant Bobby Wheeler, proceeding *pro se*, filed this motion to vacate or correct his sentence under 28 U.S.C. §2255 complaining of the legality of his conviction. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

In his motion, Wheeler says that he was convicted of possession with intent to distribute methamphetamine and use and carrying of a firearm during a drug trafficking crime on April 16, 2004, receiving a sentence of 87 months in prison. He says that the indictment charged him with carrying a firearm and that he told his attorney that he was not carrying a firearm, but the attorney said that it would not make any difference. Wheeler also contends that the arrest report proves that the charges lacked a factual basis and that he received ineffective assistance of counsel.

The Government was ordered to answer and did so. On January 27, 2006, the Magistrate Judge issued a Report recommending that the motion to vacate or correct sentence be denied. The Magistrate Judge concluded that Wheeler's claim of ineffective assistance of counsel lacked merit and that his remaining claims were barred by the waiver of appeal which was included in the plea agreement. Wheeler filed objections to the Magistrate Judge's Report on February 23, 2006.

In his objections, Wheeler reiterates the claims made in his original petition. He says that the arrest report refutes the charges because there was never any evidence of weapons being present at the residence on the date in question. He attaches copies of the arrest report, which refer to the arrest on the day after the incident in question, and states that none of the affidavits giving rise to the issuance of the warrant mention firearms. Wheeler maintains that he was "actually innocent" of using a carrying a firearm, but fails to note that at the plea proceeding, the proffered facts, to which he agreed, showed that he had sold 15 grams of methamphetamine to a confidential informant on the day before his arrest and that on the following day, he was arrested, and firearms were seized which he had used or carried during the offense. As the Government notes, Wheeler was present at the change of plea hearing and agreed that these facts accurately reflected his conduct.

Wheeler contends that but for his counsel's allegedly ineffective assistance, he would not have pleaded guilty, but would have insisted on going to trial. However, he offers nothing to support this assertion except for the conclusory allegation that it is so. This is not sufficient to entitle him to relief. See United States v. Raetzsch, 781 F.2d 1149, 1151 (5th Cir. 1986); United States v. Fuller, 769 F.2d 1095, 1099 (5th Cir. 1985). Nor has Wheeler shown that the alleged ineffectiveness of counsel was related to the voluntariness of the plea itself.

To the extent that Wheeler complains about the sufficiency of the evidence or the effectiveness of counsel at sentencing, these claims are barred by the waiver of appeal provision. Wheeler says that the Report is "contradictory" on this point, but there is no contradiction; some of his claims are barred by the waiver of appeal provision, but his claim of ineffectiveness of counsel as it relates to the voluntariness of his plea is not. Wheeler has not shown that he received ineffective assistance of counsel or that his plea of guilty was thereby rendered involuntary. His claims on these points are without merit.

Wheeler also raises certain alleged "procedural errors." He says that although the case was referred to Magistrate Judge McKee, the Report was signed by Magistrate Judge Love, and he, Wheeler, never received notice that the case had been reassigned. This reassignment was done

by general order when Magistrate Judge McKee retired. Wheeler has failed to show any grounds for setting aside the Report on this basis.

Wheeler also complained that the Government's response to his motion to vacate was not filed timely  The record shows that the Government's motion for leave to file out of time was granted by the Court on December 6, 2005.

Wheeler contends that he never received copies of various documents which he requested. The record shows that his motion for copies was granted in part, and the Clerk was directed to send him a copy of the original petition in the case. He has not shown that he was denied due process in this regard.

Finally, Wheeler complains that he was not given appointed counsel. The Fifth Circuit has stated that whether to appoint counsel in a Section 2255 proceeding is committed to the sound discretion of the district court. U.S. v. Nichols, 30 F.3d 35, 36 (5th Cir. 1994). Appointed counsel is required only if an evidentiary hearing is necessary. U.S. v. Vasquez, 7 F.3d 81, 83 (5th Cir. 1993); Rule 8(c), *Rules Governing Section 2255 Cases in the United States District Courts*. No hearing was required in this case and Wheeler has not shown an abuse of discretion in the failure to grant him appointed counsel. Wheeler's objection on this point is without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the original petition, the answer filed by the Government, the Report of the Magistrate Judge, the Petitioner's objections thereto, and all pleadings, documents, and records in the case. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Petitioner's objections are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled motion to vacate or correct sentence be and hereby is DISMISSED with prejudice. It is further

ORDERED that all any and motions which may be pending in this action are hereby DENIED.

SIGNED this 12th day of April, 2006.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE